**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**

*Alexandria Division*

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>WILLIAN ALEXIS BENAVIDES PENA,<br>a/k/a "Sombra"<br><br>Defendant. | Case No. 1:20-CR-123<br><br>Hon. Liam O'Grady<br><br>Sentencing: September 22, 2020 |

**THE UNITED STATES' POSITION ON SENTENCING**

The United States of America, through undersigned counsel and in accordance with 18 U.S.C. § 3553(a) and the U.S. Sentencing Commission Guidelines Manual (the "Guidelines" or "U.S.S.G."), hereby provides its position paper with respect to the sentencing of the defendant, Willian Alexis Benavides Pena. The United States has no objection to the Guidelines' calculation and factual information contained in the Presentence Report. The Presentence Report accurately reflects that the defendant's advisory Guidelines range is 33 to 41 months. Based on the factors set forth in 18 U.S.C. § 3553(a), a sentence of 41 months' incarceration is sufficient, but not greater than necessary, to fulfill the purposes of sentencing in this case.

**I.      FACTUAL BACKGROUND AND PROCEDRUAL HISTORY**

The factual basis supporting the conviction in the case at bar and relevant to the determination of the defendant's sentence is accurately set forth in the stipulated Statement of Facts. ECF No. 30. On June 18, 2020, the defendant entered a plea of guilty to a single-count criminal information charging him with serving as an accessory after the fact to the obstruction of commerce by robbery, in violation of 18 U.S.C. §§ 3 and 1951(a). ECF Nos. 27-31. The Court

accepted the defendant's guilty plea, found him guilty, and continued this matter for sentencing. ECF No. 31.

## II.     SENTENCING GUIDELINES

Though the Guidelines are advisory, sentencing courts must consult the Guidelines and take them into account when sentencing a defendant. *United States v. Booker*, 543 U.S. 220, 261 (2005). Thus, at sentencing, a court must first calculate the Guidelines range applicable to the defendant's case. *Nelson v. United States*, 555 U.S. 350, 351 (2009). The United States, the U.S. Probation Office, and the defendant[1] believe that the calculation of the appropriate offense level for the defendant is as follows:

| **Base Offense Level (§ 2X3.1(a))** | |
|---|---|
| Underlying offense (Robbery) base offense level (§ 2B3.1(a)) | **20** |
| Enhancement for firearms brandished (§ 2B3.1(b)(2)(C)) | **+5** |
| Adjustment for reduced culpability (§ 2X3.1(a)(1)) | **-6** |
| **Acceptance of Responsibility** | |
| Clear demonstration of acceptance of responsibility (§ 3E1.1(a)) | **-2** |
| Assistance in the prosecution of own misconduct (§ 3E1.1(b)) | **-1** |
| **Adjusted Offense Level** | **16** |

As the defendant is in criminal history category IV, the resulting applicable guidelines range is 33 to 41 months of imprisonment.

---

1 The United States and the Probation reached the same calculation of the defendant's offense level and criminal history category. Objections to the Presentence Investigation Report were due on September 4, 2020. The defendant did not note any objections to the report, so the United States assumes that the defendant concurs with the guidelines calculations contained therein.

**III.     § 3553(a) FACTORS**

It is well-settled that after calculating the applicable Guidelines range, a sentencing court must then consider that range, as well as the sentencing factors set forth in 18 U.S.C. § 3553(a), and determine a sentence that is appropriate and reasonable for the individual defendant. *See Nelson*, 555 U.S. at 351; *see also United States v. Green*, 436 F.3d 449, 455 (4th Cir. 2006) (stating that the sentencing court must fulfill the sentencing objectives established by congress, namely: the promotion of respect for the law; just punishment; adequate deterrence; protection of the public; rehabilitation; and restitution to victims).   Based on those factors, a sentence of 41 months' incarceration is reasonable and warranted in this case.

**A.  Nature, Circumstances, and Seriousness of the Offense (§ 3553(a)(1) & (a)(2)(A))**

The defendant aided the escape of masked gunmen who had just committed a brazen armed robbery in broad daylight and detained patrons of a neighboring restaurant at gunpoint.  Neither the defendant nor the robbers resided in the Eastern District of Virginia; to the contrary, they travelled here specifically because the regional leader of an MS-13 clique wanted gang members and associates to rob Diana's Boutique yet again.  Diana's Boutique has likely been a frequent target due to the amount of cash on hand the business requires to serve as a MoneyGram location where members of Herndon's immigrant community can send money that they have earned to relatives in their native countries.  In this case, the defendant helped drive nearly $20,000 of that cash – none of which has been recovered or repaid – and those who stole it away from the scene and out of this jurisdiction.  In the months that followed, several of the young men who participated in that robbery and who escaped with the defendant's help would go on to commit additional robberies in Virginia and Maryland before ultimately being apprehended.  To be sure,

the defendant is pending sentencing for a serious offense, the circumstances of which lend themselves to a significant period of incarceration.

### B. History and Characteristics of the Defendant (§ 3553(a)(1))

The defendant's criminal history category of IV stems from prior convictions at the state level for offenses ranging from hit-and-run to armed robbery and previous convictions for illegal entry and reentry at the federal level. The United States would note that when the defendant committed the instant offense, he had already been deported from the United States twice and was illegally in the country for a third time. The decisions the defendant has made over the course of the last several years suggest that he is committed to gang violence, not fleeing from it. Youths in certain areas of El Salvador face inordinate amounts of pressure to join or associate with criminal street gangs, but this defendant apparently chose to join MS-13 in the United States. When he was validated as an MS-13 gang member by law enforcement, he had been residing in Southern Virginia and North Carolina since he was ten-years-old. Within approximately one year of returning to the United States after his second removal, the defendant was committing violent crimes with MS-13 members and associates in the Washington, D.C. metropolitan area. Finally, the defendant's participation in another armed robbery in Silver Spring, Maryland roughly one month after the instant offense belies the notion that he was initially an unwitting accomplice on August 18, 2017.

### C. Need to Afford Adequate Deterrence to Criminal Conduct (§ 3553(a)(2)(B))

The defendant's criminal history and his participation in another armed robbery shortly after his commission of the instant offense highlight the need for specific deterrence in this case. Over the course of the past decade, he has repeatedly demonstrated a lack of respect for state and federal law and exhibited a stubborn unwillingness to remediate his behavior. He has reentered

the United States on multiple occasions after having been previously ordered not to do so. The United States submits that the need to afford adequate general deterrence is also apparent in this case, and believes that the Court should impose a sentence at the high end of the guidelines to forewarn (1) those who would travel to the Eastern District of Virginia specifically to commit crimes, (2) members of the defendant's gang, who continuously seek to assert control in certain communities by committing robberies and other violent crimes, and (3) those who would assist individuals who fall within either of the foregoing groups.

### D. Need for a Term of Supervised Release

The United States also recommends a three-year term of supervised release following the service of the sentence imposed to provide the requisite further deterrent effect. Although a supervised release term is disfavored in cases such as this one in which deportation is likely, U.S.S.G. § 5D1.1 n.5, where the sentencing court determines further deterrence is necessary (either due to repeated immigration violations or the defendant's criminal history), the Fourth Circuit has specifically approved the imposition of a term of supervised release. *See*, *United States v. Aplicano-Oyuela,* 792 F.3d 416, 424 (4th Cir. 2015) (imposing a term of supervised release would provide an added measure of deterrence and protection for the community); *see also United States v. Amezquita-Franco*, 523 F. App'x 971, 973-74 (4th Cir. 2013).

The imposition of a term of supervised release will ensure that should the defendant abuse the Court's trust and once again illegally enter the United States, the Court will learn of it and will be in a position to impose an appropriate additional sanction. The record in this case demonstrates a substantial risk of recidivism for which a term of supervised release is appropriate as part of the sentence.

## IV. CONCLUSION

For the foregoing reasons, the United States respectfully asks this Honorable Court to sentence the defendant to 41 months' incarceration, a three-year period of supervised release with the condition that the defendant not reenter the United States, and a $100 special assessment.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

Date: September 15, 2020          By: _____/s/_____
                                  John C. Blanchard
                                  Assistant United States Attorney
                                  Office of the United States Attorney
                                  2100 Jamieson Avenue
                                  Alexandria, Virginia 22314
                                  Phone: (703) 299-3999
                                  Fax:    (703) 299-3980
                                  John.Blanchard@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that on September 15, 2020, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will cause a true and accurate copy of this document to be transmitted to counsel of record.

I further certify that on September 15, 2020, I emailed a copy of the foregoing to the U.S. Probation Officer assigned to this matter:

    Jennifer Lyerly
    United States Probation Officer
    Eastern District of Virginia
    Email: Jennifer_Lyerly@vaep.uscourts.gov

By:        /s/
    John C. Blanchard
    Assistant United States Attorney
    Office of the United States Attorney
    2100 Jamieson Avenue
    Alexandria, Virginia 22314
    Phone: (703) 299-3999
    Fax:    (703) 299-3980
    John.Blanchard@usdoj.gov